**Srbuhi ASATRYAN; et al., Petitioners,**

**v.**

**Peter D. KEISLER,* Acting Attorney General; et al., Respondents.**

**No. 04–76369.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 28, 2007.

General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Marina R. Gordon, Esq., Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondents.

Before: CANBY, TASHIMA and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

Srbuhi Asatryan and her husband, Kajik Sargasyan, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") decision dismissing their appeal from an Immigration Judge's ("IJ") denial of their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's and BIA's decisions unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's and BIA's denial of asylum based on an adverse credibility finding. Petitioners' testimony and asylum application were inconsistent with an organization's mission statement as to whether the organization was run by the state or private entities and whether the organization had a religious affiliation. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004) ("An adverse credibility ruling will be upheld so long as identified discrepancies go to the heart of [the] asylum claim."). Petitioners also failed to testify about threats made to family members and the beating of a family member subsequent to their departure from Armenia, despite relying on these events to establish a well-founded fear of future persecution in their asylum application. *See id.* at 962–63.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Petitioners failed to show that the IJ's refusal to grant their motion for a continuance prejudiced their case, such that the outcome of the proceedings would have been affected. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.